## CYRENUS BLISS *vs.* ABNER D. TRIPP.

B. conveyed land to A., and took a note for a portion of the purchase money, and A. gave an agreement to B. to convey the land to certain third persons upon receiving back the money already paid and the note. B., by misrepresentation, obtained from A. a deed of the land back to himself, gave up the note, and afterwards agreed to deliver up both deed and agreement, if A. would give back the note, which he did. A. afterwards paid further sums for the land, and gave a new note for the balance, upon a promise of B. that the deed and agreement should be returned to him, which was never done. B. conveyed away the land, and A. recovered the same by suit against the grantee. *Held,* that these facts constituted no defence to an action on the note.

ACTION OF CONTRACT upon a promissory note for $463.89, made by the defendant to Emanuel Devoll, and by him indorsed to the plaintiff. Answer, failure of consideration, and fraud in obtaining the note, known to and participated in by the plaintiff.

At the trial in the court of common pleas in Bristol, at September term 1858, after the plaintiff had read the note and proved the signatures, the defendant offered to prove the following facts:

Emanuel Devoll, the payee, now deceased, conveyed a farm to the defendant, for which the defendant paid partly in money and partly by a note for $1200, and gave Devoll an agreement in writing that, upon being paid the consideration for the farm, and receiving back the note, he would convey the farm to John Devoll and Ivory Tripp, Emanuel Devoll's son and son in law. Afterwards, on the 15th of July 1851, Emanuel and the plaintiff induced the defendant, who could not read, to sign a deed of the farm to Emanuel, by representations that it was a deed to John Devoll and Ivory Tripp, and would be good for nothing until acknowledged, and by giving up to him the note for $1200, and promising him that, upon the defendant's acknowledging the deed, he should be repaid the money which he had paid on account of the farm. The defendant, upon discovering that the deed was to Emanuel, refused to acknowledge it; and a magistrate refused to certify the deed, upon an application

Bliss *v.* Tripp.

made by Emanuel on the 13th of August 1851, in the presence of the plaintiff. The defendant afterwards, upon Emanuel representing that the deed was good for nothing, and promising to return to the defendant the deed .and the defendant's agreement, gave back to Emanuel the note for $1200, and on the 1st of September 1851 paid $400 of it, and gave a note of $800 for the balance. Emanuel did not fulfil his promise to return the deed and agreement; and on the 13th of July 1852 was sued by Battelle upon a claim of $64.86, which he requested the defendant to pay; but the defendant refused to do so, until assured by Emanuel that the deed and agreement were in Battelle's possession, and should be given up if the defendant would settle this debt; and they went together to Battelle's office, and the defendant paid this debt, and the $800 note was given up, and for the balance thereof, after deducting the amount of various payments made by the defendant, the note in suit was given. At the time of signing it, the defendant asked for the deed and agreement, and Battelle declared that they were not in his possession, but promised to get them and deliver them to the defendant that afternoon, and the note was signed upon this assurance. The deed and agreement, though repeatedly demanded, were never given up to the defendant. But Devoll had the deed certified by a justice of the peace, the plaintiff being present, and a witness for him, and put it on record; and afterwards, with the plaintiff's knowledge, conveyed away the farm; and the defendant brought a writ of entry for the same against the grantee, in which the defence was rested upon the deed above mentioned from the defendant to Devoll, and the defendant recovered a verdict.

*Briggs,* J. ruled that these facts, if proved, would constitute no defence to the action. A verdict was taken for the plaintiff, and the defendant alleged exceptions.

This case was argued at Boston in January 1859.

*L. Lapham,* for the defendant.

*B. Sanford,* for the plaintiff.

By THE COURT. If the defendant holds the land under the verdict which he has recovered, his title is under the original

District Attorney v. County Commissioners of Bristol.

conveyance; and by obtaining the verdict and taking a judg-
ment upon it, he affirms the validity of the original conveyance,
makes his election to treat it as a subsisting, executed and com-
plete transfer to him·of the land ; and is consequently bound to
pay the note in suit, which was given as a renewal of the
former note for $800, which was a part of the original consid
eration for his deed.

The court postponed the case in order to ascertain whether
the defendant had obtained judgment for the land, and upon
ascertaining that he had, gave

*Judgment on the verdict for the plaintiff*